NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3236

PATRICIA A. BRADY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  February 10, 2006

_____

Before MAYER, RADER, and PROST, Circuit Judges.

PER CURIAM.

Patricia A. Brady ("Brady") appeals the decision of the Merit Systems Protection Board, which dismissed her appeal for lack of jurisdiction.  Brady v. U.S. Postal Service, AT075204-0201-I-1 (MSPB Apr. 22, 2005).  We affirm.

This court may only reverse a board's decision if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence.  See 5 U.S.C. § 7703(c).  Whether the board has jurisdiction over an appeal is a question of law that we review de novo.  See Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995).

Brady had the burden to establish the board's jurisdiction by presenting evidence that she qualified as a preference eligible employee as set forth in 5 U.S.C. § 7511(a)(1)(B), i.e., that she was married to Elma Brady at the time of his death and did not subsequently enter into a new and valid marriage. Brady, although aware her marital status to Elma Brady was at issue, failed to present any evidence before the board's initial decision to establish that she had been married to Elma Brady at the time of his death or that her marriage to Harry Blue, Jr. had been annulled. Additionally, we cannot say the board erred in denying Brady's petition for review. We find no error in the board's factual determinations and conclude that the board lacked jurisdiction over the appeal.